U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 1 2 2016

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL MORGAN, ET AL.,        §
                               §
         Plaintiffs,           §
                               §
VS.                            §   NO. 4:16-CV-227-A
                               §
HSBC BANK USA, ET AL.,         §
                               §
         Defendants.           §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, HSBC
Bank USA, N.A., as Trustee for Wells Fargo Home Equity Trust
2004-2, and Wells Fargo Home Mortgage, a division of Wells Fargo
Bank, N.A., to dismiss. Plaintiffs, Michael Morgan and Cheryl
Morgan, have failed to respond to the motion, which is ripe for
ruling. The court, having considered the motion, the appendix in
support, the record, and applicable authorities, finds that the
motion should be granted.

I.

Background

On February 24, 2016, plaintiffs filed their original
petition in the 48th Judicial District Court of Tarrant County,
Texas. In it, they allege that defendants have committed illegal
collection practices and violations of the Texas Debt Collection
Act, Tex. Fin. Code §§ 392.001-.404, ("TDCA"), and the Texas
Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. &

Com. Code §§ 17.41-.63 ("DTPA"). The purpose of the lawsuit appears to have been to stop defendants from foreclosing on property located at 3115 Woodland Heights Circle in Colleyville, Tarrant County, Texas.

On March 25, 2016, defendants filed their notice of removal, bringing the action before this court. By order signed May 18, 2016, the court ordered plaintiffs to file an amended complaint in compliance with the pleading requirements of the Federal Rules of Civil Procedure, the Local Civil Rules of this court, and the undersigned's judge-specific requirements. On June 1, 2016, plaintiffs filed their amended complaint, which is identical in substance to their state court pleading.[1]

II.

Grounds of the Motion

Defendants point out that plaintiffs previously filed a lawsuit virtually identical to this one in the 48th Judicial District Court of Tarrant County, Texas, under Cause No. 48-265695-13 (the "first lawsuit"). The court rendered judgment on the merits in the first lawsuit, granting defendants' motion for summary judgment. Thus, plaintiffs' claims in this action are barred by res judicata. In addition, plaintiffs' claims are

---

[1]Defendants filed a notice of noncompliance with the court's order, telling plaintiffs why their amended complaint was deficient. Plaintiffs made no response and have not sought leave to further amend.

barred by limitations. And, plaintiffs have failed to
sufficiently plead viable claims against defendants.

### III.

### Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure
provides, in a general way, the applicable standard of pleading.
It requires that a complaint contain "a short and plain statement
of the claim showing that the pleader is entitled to relief,"
Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair
notice of what the claim is and the grounds upon which it rests,"
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted). Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a cause
of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court
must accept all of the factual allegations in the complaint as
true, it need not credit bare legal conclusions that are
unsupported by any factual underpinnings. See Ashcroft v. Iqbal,
556 U.S. 662, 679 (2009) ("While legal conclusions can provide
the framework of a complaint, they must be supported by factual
allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. _Iqbal_, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. _Id._ In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. _Id._ at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." _Id._

In considering a motion under Rule 12(b)(6), the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. _Scanlan v. Tex. A&M Univ._, 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. _Davis v. Bayless_, 70 F.3d 367, 372 n.3 (5th Cir. 1995); _Cinel v. Connick_, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. _Patterson v. Mobil Oil Corp._, 335 F.3d 476, 481 n.1 (5th Cir. 2003).

4

IV.

Analysis

A.   Res Judicata

As this court has noted, res judicata insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits. Palmer v. Federa Home Loan Mortgage Corp., No. 4:13-CV-430-A, 2013 WL 2367794, at *2 (N.D. Tex. May 30, 2013). "The doctrine precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action." Id. (citing Nilsen v. City of Moss Point, 701 F.2d 556, 561 (5th Cir. 1983)). Res judicata applies when (1) the parties to the prior and current actions are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by final judgment on the merits; and (4) the same claim or cause of action was involved. Id. (citing Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005)). To determine whether the same claim or causes of action are involved, the court applies a transactional test. Id. All claims arising from a common nucleus of operative facts that could have been brought in the first lawsuit are barred by res judicata. Id.

Here, the court can take judicial notice of the first lawsuit. Cinel, 15 F.3d at 1343 n.6. Defendants have provided copies of plaintiffs' pleading, defendants' motion for summary judgment, and the state court's ruling granting the motion for summary judgment. Doc. 12[2] at 1-83. As noted, the pleadings in the first lawsuit and this action are virtually identical. All of the elements of res judicata are met. Consequently, plaintiffs' claims in this action are barred.

B.   Additional Reasons Why Plaintiffs Could Not Proceed

Even if plaintiffs' claims were not barred by res judicata, the court is satisfied that they could not proceed with any of them. Among the reasons are the following:

Claims under both the DTPA and the TDCA must be brought within two years of the alleged conduct that violates the statute. Tex. Bus. & Com. Code § 17.565; Tex. Fin. Code § 392.404; Lambert v. Ocwen Loan Servicing, L.L.C., No. 4:14-CV-3167, 2015 WL 1246953, at *3 (S.D. Tex. Mar. 17, 2015). Plaintiffs have pleaded that the conduct about which they complain occurred more than two years before they filed this lawsuit. Doc. 8 at 3.

Plaintiffs' claims arise out of and are related to the extension of money. The law is settled that borrowing money does

---

[2]The "Doc." reference is to the number of the item on the docket in this action.

not constitute the acquisition of a good or service under the
DTPA. <u>Baker v. Countrywide Home Loans, Inc.</u>, No. 3:08-CV-0916-B,
2009 WL 1810336, at *6 (N.D. Tex. June 24, 2009)(citing <u>LaSara</u>
<u>Grain Co. v. First Nat'l Bank of Mercedes</u>, 673 S.W.2d 558, 566-67
(Tex. 1984)). Even if a lender provides services incident to a
mortgage loan, that performance does not transform the borrower
into a consumer for purposes of the DTPA. <u>Maginn v. Norwest</u>
<u>Mortgage, Inc.</u>, 919 S.W.2d 164, 166-67 (Tex. App.–Austin 1996, no
writ).

Plaintiffs have not properly pleaded a fraud claim. <u>Shandong</u>
<u>Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter</u>, 607 F.3d
1029, 1032-33 (5th Cir. 2010); <u>Benchmark Electronics, Inc. v.</u>
<u>J.M. Huber Corp.</u>, 343 F.3d 719, 724 (5th Cir. 2003). Even if they
had, such claim would be barred by the statute of frauds. <u>See</u>
<u>Traynor v. Chase Home Fin., L.L.C.</u>, No. 3:11-CV-800-K, 2013 WL
704932, at *3-4 (N.D. Tex. Feb. 27, 2013)(loan modification where
the amount exceeds $50,000 must be in writing, as must any
agreement to forego or delay foreclosure; application of statute
of frauds to a contract vitiates a fraud claim based on the same
facts).

V.

<u>Order</u>

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted, and that plaintiffs' claims be, and are hereby, dismissed.

SIGNED July 12, 2016.

_____
JOHN McBRYDE
United States District Judge